[No. 2248.]

JOHNSON ET AL. v. LAWSON.

1.  **Contracts—Evidence—Joint Liability—Request for Services.**

In an action against three defendants for services alleged to have been performed at defendants' request where the evidence fails to show that one of the defendants, either individually or jointly with his codefendants, made any request of plaintiff to perform the services in question, a judgment against all three defendants is erroneous and must be reversed.

2.  **Same—Estoppel.**

In an action against three defendants for services performed where one of the defendants did not employ plaintiff nor authorize his employment and had no interest in the work performed by him, in order to sustain a judgment against such defendant on the ground that he led plaintiff to believe that he was one of the parties employing him and plaintiff having relied thereon said defendant was estopped to deny that he was one of said parties, the evidence of the representations of such defendant upon which plaintiff acted must be plain and certain.

*Appeal from the District Court of Arapahoe County.*

Mr. CHAS. D. BRADLEY, Mr. JOHN R. SMITH and Mr. GEORGE A. H. FRASER, for appellants.

Mr. HERMAN RUSSELL and Mr. W. C. KINGSLEY, for appellee.

GUNTER, J.

Plaintiff sued to recover the value of engineering services alleged to have been rendered at defendants' request, had verdict and judgment against them, and therefrom they appeal. That the services were at their joint request defendants denied.

It is here contended that there was no evidence that McCandless individually or jointly with his codefendants requested of plaintiff the performance of the services in question. If this be true the judgment should be reversed.

The evidence was the testimony of plaintiff, a telegram, "Exhibit A," letters, "Exhibits C, D and E," testimony of defendants, W. K. Johnson, W. E. Johnson and J. A. McCandless.

Plaintiff, a civil engineer, residing in Denver, there received, January 14, this telegram:

"Florence, Colo., Jan. 14, 1894.

"To W. B. Lawson, * * * Come to Florence to-morrow. Bring transit, level and all data necessary to make survey and estimate for electric light, electric belt railway and water works. Be prepared to stay a month at least. W. K. Johnson."

The night of the next day in obedience to this message plaintiff left for Florence, reaching there the following morning, where he reported to defendant W. E. Johnson, thinking the message signed by him. W. E. Johnson referred him to defendant W. K. Johnson as the proper party, to whom plaintiff then went. W. K. Johnson told plaintiff he would be busy that day and could not then show him the work contemplated. Plaintiff said if the proposed line of railway could be shown him he could employ his time examining it. W. K. Johnson said, in substance,

there is McCandless—pointing to him—he will show
you the line. Plaintiff knew McCandless, went to
him, and requested to be shown the line of the pro-
posed railway. McCandless consented, and drove
plaintiff over the line of the survey.

In the early part of December preceding the
date of the above telegram, plaintiff saw in a news-
paper what purported to be a dispatch from Flor-
ence mentioning some enterprise, and in connection
with it the name of defendant McCandless. The con-
tents of the dispatch were not in evidence, nor was
there any evidence as to what enterprise the dispatch
referred, or what McCandless's connection with it was
supposed to be. Thereupon plaintiff wrote McCand-
less requesting employment on the proposed work.
He received no reply. When, as above stated, he
went to McCandless, on the suggestion of W. K.
Johnson, with the request to be shown the line of the
contemplated railway, plaintiff testified that Mc-
Candless said: "Mr. Lawson I received your letter
some time ago, but I did not answer it because we
were not ready to go on with the work, but we think
now we are in shape to do so." In the course of the
drive over the line of the surveyed road, plaintiff
suggested improvements in its proposed location
which ought to be made provided nothing in the fran-
chise or right of way would prevent. McCandless
said the land over which the survey ran was owned
by a coal company and that they could get the right
of way for the changes as well as for the road sur-
veyed.

Letters "Exhibits C, D and E" contain nothing
material to the alleged liability of McCandless.

The foregoing testimony is all upon which plain-
tiff relied to charge defendant McCandless.

The uncontradicted testimony of W. K. John-
son was that he resided in Florence; the town was

prosperous, he thought it would be more so, he concluded to have surveys, plans and estimates made for an electric light plant, a water works plant, and an electric railway with the view of organizing three corporations, obtaining rights of way and franchises and then interesting capital and making some money for himself out of promoting the several enterprises. With this object he telegraphed plaintiff as above, and had him perform the services involved. Further, that he sent the telegram at his own instance, that he had no authority from McCandless to employ plaintiff, and that McCandless had no interest in the undertaking.

The uncontradicted testimony of McCandless was, that he did not authorize the employment of plaintiff, and was not interested in the work upon which he was engaged, that he had resided in Florence thirty years, was acquainted with its surroundings, was a large property holder there, that he frequently drove parties out and showed them the resources of the town as a matter of courtesy, that such was his act in driving plaintiff out, and that he had no further connection with him during the two and one-half months he was engaged in performing the services in question, that he at no time said anything to plaintiff about doing for him the work in question. He further testified that he did not receive the letter mentioned by plaintiff as having been written from Denver.

The testimony of W. E. Johnson, so far as it has any materiality to the alleged liability of McCandless, in no degree corroborates the testimony of plaintiff, but inferentially supports that of W. K. Johnson and McCandless.

Plaintiff under cross-examination testified that McCandless did not say anything to him about working for him; when asked if McCandless was in any

way interested with the Johnsons in the work in question he stated that he had no definite information, but inferred from his actions that he had.

There is no conflict in the evidence that McCandless did not employ plaintiff, did not authorize his employment, and was not interested in the work upon which he was engaged. Plaintiff says, however, that McCandless gave him reasonable grounds for believing that he was one of the parties employing him, that he relied thereon, and that defendant is now estopped to deny that he was one of the said parties.

"The representation further to justify a prudent man in acting upon it, must be plain, not doubtful, or matter of questionable inference. Certainty is essential to an estoppel."—Bigelow on Estoppel, 4th ed., 559.

There is no substantial evidence to satisfy this requirement of the law. Showing plaintiff the line of survey at request of Johnson is entirely consistent with McCandless having no interest in the enterprise, and in his having no intention to employ plaintiff thereon. His remark in effect, I did not answer your letter because we were not ready to go on with the work, but we think now we are in shape to do so, is of no value because of the uncertainty as to what it referred. As stated above the contents of the dispatch, necessary to understand the remark were not before the jury, and what enterprise is referred to is not known. At best such remark of McCandless— if made—could simply create a suspicion that he had some interest in the work upon which plaintiff was entering.

There was no evidence upon which to base a verdict against McCandless. As the judgment must be reversed for this reason, we express no opinion as to

the sufficiency of the evidence against W. E. Johnson.

Judgment reversed.                    *Reversed.*